UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **ADAM CLOUGH** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **PLAZA SERVICES, LLC, and** ) | Jury Trial Demanded |
| **BUFFALOE & VALLEJO, PLC,** ) | |
| ) | |
|    **Defendants.** ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendants' Plaza Services, LLC (hereinafter "Plaza") and Buffaloe & Vallejo, PLC's (hereinafter "Buffaloe") (collectively "Defendants") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff Adam Clough (hereinafter "Plaintiff").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Washington County, Tennessee.

5. Plaza is a for-profit foreign limited liability company (South Dakota) registered to do business in Tennessee with a principal office at 110 Hammond Dr, Ste 110, Atlanta, GA 30328-4806 that currently maintains Incorp Services, Inc., 1585 Mallory Ln, Ste 104, Brentwood, TN 37027-3036 as its registered agent.

6. Buffaloe is a professional limited liability company registered to do business in Tennessee with a principal office located at 723 S Main St, Springfield, TN 37172-2809 that maintains Joel Vallejo, 723 S Main St, Springfield, TN 37172-2809 as its registered agent.

## FACTUAL ALLEGATIONS

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaza is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Plaza operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in several states, including Tennessee, by filing collection lawsuits against consumers as the named state court plaintiff. In fact, Plaza is acting as a debt collector, as defined in the FDCPA, as to the delinquent consumer debt it is attempting to collect from the Plaintiff and others similarly situated.

9. Buffaloe is an agent of Plaza, and its owners and employees are regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempt to collect the debts by using communications in the form of telephone calls, collection letters, state court civil actions, judgment liens, and requests for the issuance of subpoenas, garnishments, and levies on behalf of its clients, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendants have alleged that the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), allegedly for a deficiency on a vehicle loan originally owed to Cookeville Honda by the Plaintiff as a result of a Retail Installment Sales Contract, which debt was assigned without recourse to American Credit Acceptance (hereinafter "ACA") (hereinafter "debt").

11. After default, Plaza allegedly purchased the debt from ACA, and eventually hired Buffaloe to assist it in collection of the debt from the Plaintiff.

### *Collection Communications*

12. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

### *Legal Action Brought by Defendants*

13. On May 9, 2019, the Defendants filed a request for the issuance of an original civil summons in the Greene County, Tennessee General Sessions Court to be served on Plaintiff (original summons) ("state court legal action").

14. The request for the issuance of the original summons was filed by the Defendants against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that Plaza was the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. The original summons sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed for the debt.

16. The original civil summons was returned as unserved on the Plaintiff on May 24, 2019.

17. On July 31, 2019, the Defendants requested the issuance of an alias summons for the state court legal action, which was also returned as unserved on the Plaintiff on August 7, 2019.

18. Tennessee Code Annotated § 16-15-710 states:

> The suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not; but if the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous process, or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

19. The nine-month period from the return unserved of the alias summons expired on March 7, 2020.

20. On June 29, 2020, the Defendants filed a request for the issuance of a second alias civil summons to be served on the Plaintiff (hereinafter "alias summons"). **Copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

21. The alias summons was served on the Plaintiff on July 8, 2020. **See Doc. 1-1, p. 1.**

22. The alias summons states that Plaza is the state court plaintiff and that the state court legal action was brought by Buffaloe on behalf of Plaza for "[s[uit on a sworn account of $13,408.63, plus reasonable attorney's fees in an amount to be determined by the court and cost of this cause, as evidenced by the underlying note/contract/writing." **See Doc. 1-1, p. 1.**

23. The civil summons also states: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR." **See Doc. 1-1, p. 1.**

24. The alias summons was filed in connection with collection of the debt and in an attempt to collect the debt and is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The alias summons sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed for the debt.

26. On December 22, 2020, in response to a request by the Plaintiff's attorney to Buffaloe, the Plaintiff was provided a copy of account information concerning the debt which showed that:

    (a) The date the debt was incurred by the Plaintiff was on May 16, 2015;

    (b) The first payment due date was on June 29, 2015;

    (c) The last payment made by the Plaintiff was on October 15, 2015; and

    (d) The first delinquency date on the debt was on September 28, 2015.

    **Copy of account information filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

## FAIR DEBT COLLECTION PRACTICES ACT

27. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq*.

28. Congress passed the FDCPA because:

    **(a)    Abusive Practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of Laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available Non-Abusive Collection Methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**15 U.S.C. §§ 1692 (a), (b), and (c).**

29. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **See 15 U.S.C. § 1692 (e).**

30. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

31. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal

6
Case 2:21-cv-00106-JRG-CRW   Document 1   Filed 06/29/21   Page 6 of 11   PageID #: 6

quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

32. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

## FDCPA CLAIMS

### *Filing Collection Lawsuit on Time-Barred Debt*

33. Tennessee Code Annotated § 47-2-275 states that:

    (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

    (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

34. The cause of action for bringing a state court legal action in an attempt to collect the debt accrued when the breach on the sales contract occurred, which was on October 10, 2015, which was the date the last payment made on the debt by the Plaintiff. **See Doc. 1-2, p. 1; Tenn. Code Ann. § 47-2-725(1).**

35. No payments were made by the Plaintiff to ACA after the breach of the sales contract.

36. Defendants did not obtain issuance of the alias summons within nine (9) months from the return unserved of the first alias summons and did not recommence the action within one (1) year after the return unserved of the first alias summons and, thus, cannot rely upon the

7
Case 2:21-cv-00106-JRG-CRW   Document 1   Filed 06/29/21   Page 7 of 11   PageID #: 7

original commencement date of the state court legal action to toll the running of a statute of limitations.

37. Nothing in the June 29, 2020 alias summons disclosed that: (a) the collection of the debt by continuing to pursue the state court legal action against the Plaintiff was barred by the statute of limitations, and (b) a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Graves v. Sawyer*, 588 S.W.2d 542, 544 (Tenn. 1979).

38. Defendants knew or should have known that the statute of limitations for collection of the debt had expired.

39. By continuing the pursuit of the state court legal action on a time-barred debt after the limitations period had expired, the Defendants violated 15 U.S.C. §§ 1692e and 1692f.

40. The communications by Defendants in the form of the alias summons was a communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(5), 1692e(8), 1692e(10), and 1692f, amongst others.

### *Bringing Legal Action in Improper Venue*

41. The June 29, 2020 alias summons was filed by the Defendants in Greene County, Tennessee in an attempt to continue the prosecution of the state court legal action.

42. The contract to purchase the vehicle repossessed by ACA was signed by the Plaintiff at Cookeville Honda in Putnam County, Tennessee.

43. When the June 29, 2020 alias summons was filed by the Defendants, the Plaintiff resided in Washington County, Tennessee.

44. Because Plaintiff did not sign the contract in Greene County, Tennessee, on which Defendants allegedly relied to file the June 29, 2020 alias summons in Greene County, Tennessee, and Plaintiff did not reside in Greene County, Tennessee at the time the alias summons was filed, the only counties in which a state court legal action could be brought against the Plaintiff in compliance with the FDCPA would have been Putnam County, Tennessee or Washington County, Tennessee.

45. The filing of the alias summons by the Defendants in Greene County, Tennessee is a violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

*Summary*

46. The above-detailed conduct by the Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

**TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

**CAUSES OF ACTION**

**COUNT I-VII**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692i(a)(2)**

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

49. The foregoing acts and omissions of the Defendants constitute numerous and multiple FDCPA violations with respect to the Plaintiff, but not limited to each and every one of the above-cited FDCPA provisions.

50. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief, as may be just and proper.

06/29/21                                Respectfully submitted,

                                        **ADAM CLOUGH**


                                        s/      Alan C. Lee
                                        Alan C. Lee, BPR # 012700
                                        P. O. Box 1357
                                        Talbott, TN 37877-1357
                                        (423) 581-0924
                                        aleeattorney@gmail.com

                                        Attorney for Plaintiff

11
Case 2:21-cv-00106-JRG-CRW   Document 1   Filed 06/29/21   Page 11 of 11   PageID #: 11